UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


COLLEEN ARNESON; COLLEEN ARNESON, as
parent and best friend of K– A–; JOANNE LIZOTTE;
AMY-LYNN ZOLT; SHARON HIGGINS,
                            Plaintiffs,


                    v.                                                  No. C.A. No. 11-cv-190 ML

DONALD GREBIEN, Mayor, City of Pawtucket;
WILLIAM MULHOLLAND, Superintendent of Parks and
Recreation Division, City of Pawtucket; WILLIAM HOWE,
Director of Public Works, City of Pawtucket,
                            Defendants.



MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for voluntary dismissal of the

complaint with prejudice.[1]

Fed. R. Civ. P. 41(a)(2)

When a defendant has answered a complaint or moved for summary judgment, an "action

may be dismissed at the plaintiff's request only by court order, on terms that the court considers

proper." Fed. R. Civ. P. 41(a)(2). "[J]udicial approval is required to protect the nonmovant from

unfair treatment." Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000) (internal

quotation marks and citation omitted).

> In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to the
> defendant's effort and expense of preparation for trial, excessive delay and lack of
> diligence on the part of the plaintiff in prosecuting the action, insufficient
> explanation for the need to take a dismissal, and the fact that a motion for

---

[1] Defendants' motion for summary judgment is also pending before the Court.

1

summary judgment has been filed by the defendant.

Id. (internal quotation marks and citation omitted). Courts need not analyze each factor or limit consideration to only these factors. Id. Whether or not to grant a Rule 41(a)(2) motion is within the discretion of the trial court. Id. The First Circuit has suggested, however, that where a plaintiff moves to dismiss with prejudice and there are no third-party interests involved in the suit, a district court must grant plaintiff's motion. See ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 70 (1st Cir. 2006) (noting that the First Circuit "might share [the] view" that a district court "has to allow a plaintiff to dismiss its claim if it agrees to do so with prejudice" if no third-party interests are involved in the matter); see also Sullivan School Associates, LP v. Town of Berwick, No. 2:12-cv-00157-NT, 2012 WL 3238100, at *1 (D. Me. Aug. 7, 2012) (noting that when a plaintiff seeks to dismiss with prejudice, granting the motion is "generally appropriate, unless a third-party would be unduly prejudiced by the dismissal. . .").

Plaintiffs request that the Court "dismiss this action, with prejudice, all parties bearing their own costs and fees." Plaintiffs' Rule 41 Motion for Dismissal; Docket # 37. Defendants have invested significant resources in litigating this claim, including but not limited to, responding to a plethora of requests for admissions and interrogatories, responding to and attending hearings on Plaintiffs' numerous discovery requests, and responding to a frivolous motion to recuse. In addition, Defendants have filed two motions for protective orders, a motion to quash a subpoena, and a motion for summary judgment. Defendants do not object to Plaintiffs' motion if the Court's order is considered to be an adjudication on the merits, thus

leaving open the opportunity, if Defendants choose, to move to recover attorneys' fees.[2]

"A voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is a complete adjudication on the merits of the dismissed claim." United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998) (internal quotation marks and citation omitted); see also Nippy, Inc. v. Pro Rok, Inc., 932 F. Supp. 41 (D.P.R. 1996) (same).

Plaintiffs' motion is granted in part.  The complaint is dismissed with prejudice. Plaintiffs' motion is denied with respect to the request to condition dismissal on the parties' bearing their own costs and fees.[3]

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
January 23, 2013

---

[2] In the alternative, Defendants request that the Court deny the motion and rule on the motion for summary judgment.

[3] If Plaintiffs find the conditions of the Rule 41(a)(2) dismissal "to be too onerous, they need not accept them" and they are entitled to withdraw the Rule 41(a)(2) motion and proceed with the action. Mateo v. Empire Gas Company, Inc., ___ F.R.D. ___, 2012 WL 5463664, at *6 (D.P.R. Nov. 9, 2012). Accordingly, the Court will delay the entry of judgment for seven days within which Plaintiffs may withdraw their Rule 41(a)(2) motion. If Plaintiffs choose to do so, the Court will then rule on the motion for summary judgment. If, however, Plaintiffs do not choose to withdraw the motion, the motion for summary judgment is moot and judgment shall enter in accord with this order.